UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RIVERPORT INSURANCE COMPANY, | ) ) ) | Case No. 1:19-cv-183 |
| *Plaintiff*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge Christopher H. Steger |
| ADVENT HOME LEARNING, CENTER, INC., d/b/a ADVENT HOME YOUTH SERVICES, INC., and BLONDEL SENIOR, | ) ) ) ) ) | |
| *Defendants*. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, Riverport Insurance Company ("Riverport"), brought this declaratory-judgment action to determine its potential liability to Defendants, Advent Learning Center, Inc., d/b/a Advent Home Youth Services, Inc., and Blondel Senior (referred to collectively as "Advent Home"). In a series of lawsuits pending in West Virginia, Advent Home is accused of abusing children in two of their facilities. Advent Home argues that the plaintiffs in the underlying West Virginia lawsuits (referred to collectively as "the West Virginia Plaintiffs") are necessary and indispensable parties under Federal Rule of Civil Procedure 19. (Doc. 12.) Thus, Advent Home has moved to dismiss the suit as the Court may not have personal jurisdiction over some of the West Virginia Plaintiffs. Riverport argues that the case can proceed as is. For the following reasons, Advent Home's motion to dismiss (Doc. 12) will be **DENIED**.

I. **BACKGROUND**

From 2007 to 2013, Riverport issued Advent Home six primary liability insurance policies and six excess liability insurance policies. (Doc. 1, at ¶ 10.) Advent Home ran two

schools, one located in Tennessee and the other in Virginia. (Doc. 14, at 16, n. 5; Doc. 15, at 2.) Former students in those schools have sued Advent Home in West Virginia state court, alleging, *inter alia*, that they were subjected to physical, sexual, and emotional abuse while in Advent Home's care. (Doc. 1, at ¶¶ 18–20.)

In this action, Riverport seeks a declaratory judgment as to which policies, if any, provide defense or indemnity coverage in the underlying lawsuits. (Doc. 1, at ¶ 31.) Riverport argues that the actions in the underlying lawsuits are excluded by certain coverage provisions or, in the alternative, that their liability is limited by the policy's definition of "occurrence." (*Id.*) Advent Home filed a Motion to Dismiss or to Join Necessary and Indispensable Parties pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, arguing that the West Virginia Plaintiffs are necessary and indispensable parties in the current action. (Doc. 12.)

## II. DISCUSSION

The Sixth Circuit has laid out a three-part test to determine whether dismissal is appropriate under Rule 12(b)(7). "First the court must determine whether the person or entity is a necessary party under Rule 19(a)." *Glancy v. Taubman Ctrs. Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). If the party is a necessary party, the Court determines whether it has jurisdiction over the party in question. *See id.* Finally, if the Court determines that it lacks jurisdiction over a necessary party, "the court must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Id.* (quoting Fed. R. Civ. P. 19(b)). A party is a necessary party if: (1) the Court cannot accord complete relief in the party's absence; (2) disposing of the action in the party's absence would impair the party's ability to protect an interest related to litigation; or (3) the failure to join the party may subject an existing litigant to inconsistent legal obligations. Fed. R. Civ. P. 19(a)(1). Here, the West Virginia Plaintiffs are not necessary parties because complete relief is possible

2

without them and their interest in the insurance proceeds would not be impaired by this litigation.[1]  Therefore, the Court will not dismiss this action.

### A. Complete Relief Can Be Accorded to The Existing Parties.

To determine whether complete relief can be accorded under Rule 19(a)(1)(A), the question is whether a judgment in this case will conclusively resolve the dispute between the existing parties.  *Laethem Equipment Co. v. Deere & Co.*, 485 F. App'x. 39, 44 (6th Cir. 2012) ("Complete relief is determined as between persons already parties, and not as between a party and the absent person whose joinder is sought." (quoting *Sch. Dist. of Pontiac v. Sec'y of U.S. Dept. of Educ.*, 584 F.3d 253, 265 (6th Cir. 2009)) (internal quotation marks omitted)).  Rule 19(a)(1) protects the interests of courts in avoiding duplicative litigation, and it is "aimed at ensuring courts do not enter partial or 'hollow' judgments."  4 Moore's Federal Practice – Civil § 19.03 (2020).  Generally, this provision is invoked because subsequent litigation is almost certain to occur in order to provide relief to a certain party.  *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999) (holding that a third party was a necessary party because an existing party "would have been required to seek relief against [the third party]" in order to carry out the requested relief).  A third party's capacity to sue or be sued in a subsequent action is not enough to conclude that it is a necessary party.  *See Temple v. Synthes*

---

[1] There was some dispute in the briefing as to what law applied.  "[I]n a diversity case, the question of joinder is one of federal law." *Provident Tradesman Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968).  A court can consider state-law questions to determine the interests at play, "but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter." *Id.*  Riverport attached a Supreme Court decision from Tennessee as supplemental authority (Doc. 16), and, while it may be helpful as to defining the interests at stake, it is not binding on this Court's determination of whether certain parties are necessary parties under Rule 19.

3

*Corp., Ltd.*, 498 U.S. 5, 6–8 (1990) (per curiam) (explaining that joint tortfeasors are not necessary parties under Rule 19).

The issue in this case is whether Riverport's insurance policies provide coverage for Advent Home. (Doc. 1, at ¶ 31.) This Court can conclusively determine whether Advent Home is indemnified, and that judgment will be enforceable as to these parties. Whether or not the injured third parties may bring a direct action against the insurer, complete relief can be given to the *existing* parties because Riverport only seeks a declaration as to its obligations under the insurance policies. *See Laethem*, 485 F. App'x at 44. The Court's judgment will, therefore, not be hollow, and the West Virginia Plaintiffs are not necessary parties under Rule 19(a)(1)(A) on this basis.

**B. This Litigation Will Not Impair the West Virginia Plaintiffs' Ability to Defend Their Interests.**

Because complete relief can be accorded in this action, the West Virginia Plaintiffs will only be necessary parties if their ability to protect their legal interest is "impair[ed] or imped[ed]." Fed R. Civ. P (19)(a)(1)(B)(i). While other circuits have held that an injured party is per se necessary in an insurance dispute, *see, e.g.*, *Fed. Kemper Ins. v. Rauscher*, 807 F.2d 345, 354 n.5 (3d. Cir. 1986) (collecting cases), the Sixth Circuit has no such precedent. Furthermore, the determination of whether a party is necessary is a case-by-case analysis as Rule 19 has "inherent flexibility." 7 Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 1612 (3d ed. 2020); *see also Smith v. United Brotherhood of Carpenters and & Joiners of Am.*, 685 F.2d 164, 166 (6th Cir. 1982) ("[Rule 19] is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case.") The determination of whether Riverport must provide insurance coverage to Advent Home does not

4

impair or impede the West Virginia Plaintiffs' legal interests against Advent Home, so the West Virginia Plaintiffs are not necessary parties on this basis either.

In the Sixth Circuit, when determining whether a person's legal interest will be impaired or impeded, a court should consider whether an existing party represents the interests of the third party.[2] *Sch. Dist. of City of Pontiac v. Sec'y of U.S. Dep't of Educ.,* 584 F.3d 253, 266 (6th Cir. 2009) (en banc); *see also Dixon v. Edwards*, 290 F.3d 699, 713–14 (4th Cir. 2002) (holding that when an existing party adequately represents a third party, the third party is not a necessary party); *Washington v. Daley*, 173 F.3d 1158, 1167–68 (9th Cir.1999) (same).

In this case, Advent Home seeks coverage from Riverport for the West Virginia Plaintiffs' claims. (Doc. 13, at 3.) Because Advent Home, a party in the current lawsuit, will argue for the West Virginia Plaintiffs' preferred outcome, as a practical matter, their interests are not impaired or impeded under Rule 19. Additionally, the interests of the West Virginia

---

[2] In a previous case, *Glancy* 373 F.3d at 669–70 (6th Cir. 2004), the Sixth Circuit expressed the opinion that adequacy of representation should be considered under 19(b), not 19(a). However, there are two reasons that *Glancy* is not binding on the Court. First, it was seemingly contrary to the holding of an en banc panel. *See Salmi v. Sec'y of Health and Human Servs*., 774 F.2d 685, 689 (6th Cir. 1985) (explaining that an opinion from a three judge panel is binding in the Sixth Circuit unless that decision is overturned by the Sixth Circuit sitting en banc or an "inconsistent decision of the United States Supreme Court requires modification of the decision"). In *School District of Pontiac*, the majority opinion and concurring opinion of Judge Sutton analyzed whether the absent parties were necessary under Rule 19(a)(1)(B)(i) based on whether existing parties would press their position. 584 F.3d at 266; *id.* at 282 (Sutton, J., concurring). Second, in between *Glancy* and *District of Pontiac*, the Supreme Court signaled that the adequacy of existing representation was a proper consideration in determining whether parties are necessary under Rule 19(a). *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863–64 (2008) ("The application of subdivision (a) of Rule 19 is not contested. The Republic and the Commission are required entities because '[w]ithout [them] as parties in this interpleader action, their interests in the subject matter are not protected.'" (quoting *In re Republic of Philippines*, 309 F.3d 1143, 1152 (9th Cir. 2002) (alterations in original)). The Court is bound by the decisions of the Supreme Court and the en banc panel of the Sixth Circuit, not the opinion in *Glancy*. Therefore, it considers, under Rule 19(a), whether the West Virginia Plaintiffs are adequately represented by an existing party to the lawsuit.

5

Plaintiffs will not be highly prejudiced by this case. Tennessee law permits injured third parties to bring suit against insurers if they receive a judgment in their favor in the underlying tort case. *Tenn. Farmers Mut. Ins. Co. v. DeBruce*, 586 S.W.3d 901, 907–08 (Tenn. 2019). If the West Virginia Plaintiffs choose to bring suit, this judgment will not preclude them from arguing that they have a right to recover from the insurer. *See Allen v. McCurry,* 449 U.S. 90, 101 (1980) ("Collateral estoppel does not apply where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court."); *Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 681 F.3d 819, 825 (6th Cir. 2012) (describing when a non-party can be bound by res judicata). Thus, while the West Virginia Plaintiffs may have an interest in the insurance proceeds, this case does not significantly prejudice or impair that interest.

Because the current litigation does not significantly "impair or impede" the absent parties' interests and their interests are adequately represented in the current lawsuit, the West Virginia Plaintiffs are not a necessary party under Rule 19(a).[3] Because the West Virginia Plaintiffs are not necessary parties, the Court does not need to determine whether their joinder would be feasible or whether the court would lack personal jurisdiction over them. *Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 8 (1990) (per curiam).

---

[3] Advent Home did not argue that it could be subject to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" if the West Virginia Plaintiffs were not joined. *See* Fed. R. Civ. Pro. 19(a)(1)(B)(ii). Nevertheless, the Court holds that there is no substantial risk of Advent Home incurring "inconsistent obligations," as there is no significant risk that Advent Home will be unable to follow an order in this lawsuit due to any other order in a different lawsuit. *See Delgado v. Plazas Las Americas*, *Inc.*, 139 F.3d 1, 3 (1st Cir. 1998).

6

### III. CONCLUSION

While the West Virginia Plaintiffs have some interest in the outcome of this case, their interest is not sufficient to require joinder under Rule 19(a). Therefore, Advent Home's motion to dismiss (Doc. 12) is **DENIED**.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**